# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

| | |
|---|---|
| ANDREA D. ZIOLKOWSKI, | CV 12-04-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER |
| JOHNSON, RODENBURG & LAUINGER, PLLP, CHARLES L. DENDY, BRUCE JOHNSON, CLIFTON RODENBURG, LISA LAUINGER, DISCOVER BANK aka DELAWARE STATE BANK, JOHN DOES 1 through 15, and JANE DOES 1 through 15, | |
| Defendants. | |

_____

Plaintiff Andrea Ziolkowski, proceeding pro se, filed an application requesting leave to proceed in forma pauperis. She submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears she lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Ziolkowski's application to proceed in forma pauperis is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is

1

directed to file Ziolkowski's lodged Complaint as of the filing date of her request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court has reviewed Ziolkowski's Complaint to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005). The Court finds that at this stage of these proceedings her

allegations at least state a claim upon which relief could be granted under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Therefore, the Court will order that Ziolkowski's Complaint be served on Defendants.

Because Ziolkowski is proceeding in forma pauperis, she is entitled to have her Complaint and summonses served by the United States Marshal. Fed. R. Civ. P. 4(c)(3). Nonetheless, Ziolkowski is obligated to provide the Court with appropriate addresses for service on each Defendant. *See Pullano v. Clark Co. Detention Ctr.*, 2010 WL 4272871, *2 (D. Nev. 2010).

Therefore, IT IS HEREBY ORDERED that on or before **February 6, 2012,** Ziolkowski shall file a notice which provides the Court with an appropriate address for service on each individually named Defendant in this action. For individuals named as Defendants, the address must be sufficient for personal service on the Defendant. Fed. R. Civ. P. 4(d)(1)(A)(i) and 4(e). For a corporation, partnership or association, the address must be for "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d)(1)(A)(ii) and 4(h)(1)(B).

At all times during the pendency of this action, Ziolkowski shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure

to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Ziolkowski is also advised that her failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 23rd day of January, 2012.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge