


Charles L. Dendy
RODENBURG LAW FIRM
Attorney for Defendants
PO Box 4127
Bismarck ND  58502-4127
charles@jrllawoffice.com
ph. (701) 222-1170
fax (701) 222-8231

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| ANDREA D. ZIOLKOWSKI,              )<br>                                     )<br>          Plaintiff,                )  CV 12-04-M-DLC-JCL<br>                                     )<br>  vs.                                )<br>                                     )<br> JOHNSON, RODENBURG &                )<br> LAUINGER, PLLP,                     )<br> CHARLES L. DENDY,                   )   **DEFENDANTS'**<br> BRUCE JOHNSON,                      )   **PRELIMINARY PRETRIAL**<br> CLIFTON RODENBURG,                  )   **STATEMENT**<br> LISA LAUINGER,                      )<br> DISCOVER BANK aka DELAWARE          )<br> STATE BANK, JOHN DOES 1             )<br> through 15, and JANE DOES 1         )<br> through 15,                         )<br>                                     )<br>          Defendants.                ) | |

Pursuant to this Court's April 11, 2012 order and in accordance with Rule 26(f), Federal Rules of Civil Procedure, Defendants submit the following pretrial statement.

1

A.   <u>Factual Outline of Case</u>.

After obtaining and using a Discover Bank credit card for years, Ziolkowski defaulted in her payments due without valid dispute and the account was placed with Johnson, Rodenburg and Lauinger for collection. Any information sent to or obtained from the credit bureaus was done in accordance with the applicable rules. A demand letter was sent to Ziolkowski by counsel and no timely dispute or request for verification was received. Litigation was commenced and Ziolkowski responded with a request for verification and a counterclaim. Verification was provided before counsel proceeded with litigation. The state counterclaim was dismissed and Ziolkowski appealed and the appeal was dismissed. The action was litigated in accordance with the applicable rules of civil procedure and any applicable provisions of the Fair Debt Collection Practices Act and resulted in summary judgment being entered by the state court after Ziolkowski failed to raise any factual dispute and failed to present any legal argument in opposition to the summary judgment motion.

B.   <u>Issues concerning jurisdiction and venue</u>.

Defendants know of no issues.

C.   <u>The factual basis of each defense</u>.

1. Failure to state a claim upon which relief can be granted. Ziolkowski

2

asserts FDCPA claims against Discover Bank to whom the FDCPA does not apply. She also asserts claims under various theories which appear to rest upon misstatements or misapplications of the laws she relies upon.

    2.  Statute of limitations.  Some or all of Ziolkowski's claims under the FDCPA or FCRA may be barred by the applicable statute of limitations which is set forth in each act.

    3.  Res judicata which provides that a court, state or federal, is precluded from re-litigating a cause of action decided in another court on the merits.

    4.  Rooker Feldman, which provides that Rooker-Feldman provides that a United States District Court, a court of original jurisdiction, has no authority to review the final determinations of state courts.

    5.  Collateral Estoppel which precludes the re-litigation of identical issues that were decided in a prior proceeding and on the merits against the same party.

    6.  Ziolkowski also asserts claims against parties who had no dealing with this particular account and other claims which lack factual support.

D.    <u>The legal theory underlying each defense</u>.

    1.  Failure to state a claim upon which relief can be granted.

    2.  Statute of limitations.

    3.  Res judicata which provides that a court, state or federal, is precluded

from re-litigating a cause of action decided in another court on the merits.

  4.  Rooker Feldman, which provides that Rooker-Feldman provides that a United States District Court, a court of original jurisdiction, has no authority to review the final determinations of state courts.

  5.  Collateral Estoppel which precludes the re-litigation of identical issues that were decided in a prior proceeding and on the merits against the same party.

E. <u>Computation of damages</u>.

  It is defendants' understanding that Ziolkowski is not asserting damages.

F. <u>The pendency or disposition of any related state or federal litigation</u>.

  A collection action was initiated against Ziolkowski on February 14, 2011 in the District Court of Ravalli County, Montana, Cause No. DV-11-100.  Summary judgment in that action was entered in favor of Discover Bank and against Ziolkowski on February 8, 2012.

G. <u>Proposed stipulations of fact and the parties' understanding as to what law applies</u>.

  No factual stipulations have been reached.  The underlying credit card account is governed by the substantive law of Delaware.  Ziolkowski's federal claims are governed by federal law.

H.  <u>Proposed deadlines relating to joinder of parties or amendment of the pleadings</u>.

Defendants propose a deadline of August 3, 2012 for joinder of parties and September 7, 2012 for amendment of pleadings.

I.  <u>Identification of controlling issue of law suitable for pretrial disposition</u>.

Which claims fail to state a claim upon which relief can be granted or are barred by the applicable statutes of limitation, res judicata, the Rooker Feldman doctrine, or collateral estoppel.

J.  <u>Prospects for compromise of the case and the feasibility of settlement</u>.

Possibility of settlement was briefly discussed during the conversations relative to the discovery plan. Based upon those discussions, it is defendants' understanding that Ziolkowski is not willing to consider making any payment on the judgment against her in the related state court action. Given that position, defendants do not anticipate that settlement is likely.

K.  <u>Suitability of special procedures</u>.

Defendants do not know of any special procedures which are necessary.

L.  <u>Issues relating to disclosure or discovery of electronically stored information</u>.

Defendants are not aware of any issues.

M.  <u>Issues relating to the form in which such information should be produced</u>.

Defendants are not aware of any issues.

Dated: May 17, 2012

                                               /s/ CHARLES L DENDY
                                               Charles L. Dendy

## CERTIFICATE OF SERVICE

I, Charles L. Dendy, hereby certify that on May 17, 2012, I served the:

•     Defendants' Preliminary Pretrial Statement

by placing a true and correct copy thereof in an envelope addressed as follows:

ANDREA D. ZIOLKOWSKI
510 BASS LN
CORVALLIS MT 59828-9750

and depositing the same, with postage prepaid, in the United States mail at Bismarck, North Dakota.

                                               /s/ CHARLES L DENDY
                                               Charles L. Dendy

125107A