IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ANDREA D. ZIOLKOWSKI,<br><br>               Plaintiff,<br><br>    vs.<br><br>JOHNSON, RODENBURG &<br>LAUINGER, PLLP,<br>CHARLES L. DENDY,<br>BRUCE JOHNSON,<br>CLIFTON RODENBURG,<br>LISA LAUINGER,<br>DISCOVER BANK aka DELAWARE<br>STATE BANK, JOHN DOES 1 through<br>15, and JANE DOES 1 through 15,<br><br>               Defendant. | CV 12-4-M-JCL<br><br><br>ORDER |

This matter is before the Court on Defendants Johnson, Rodenburg &

Lauinger, PLLP, Charles L. Dendy, Bruce Johnson, Clifton Rodenburg, Lisa

Lauinger, and Discover Bank's Fed. R. Civ. P. 56 motion for summary judgment

dismissing Plaintiff Andrea Ziolkowski's Complaint.  For the reasons discussed,

Defendants' motion is granted.

## I.    BACKGROUND

Ziolkowski commenced this action asserting Defendants are liable for their

conduct in attempting to collect a debt owed to Discover Bank on a credit card

account held by Ziolkowski.  Ziolkowski alleges that in the course of their conduct
Defendants engaged in abusive, deceptive and unfair practices in violation of
various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et
seq., and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

On June 29, 2009, Discover Bank sent Ziolkowski a letter informing her it
reduced her credit card limit "based on information obtained from [Ziolkowski's]
credit bureau report."  Dkt. 2-1.  Thus, in Count I of her Complaint Ziolkowski
alleges Discover Bank obtained her credit report without her consent in violation
of "15 USC 1681(o)(5)(A)(i)", submitted false and inaccurate information to the
credit reporting agencies in violation of "15 USC 1681s-2(a)(1)", and caused
derogatory entries upon her credit report.

In February, 2011, Discover Bank commenced a civil action against
Ziolkowski in the Montana Twenty-First Judicial District Court, Ravalli County,
Montana — *Discover Bank v. A. Ziolkowski, aka Andrea Depasse*, Cause No. DV
11-100 ("*Ziolkowski I*") — for the purpose of recovering the credit card debt.
Defendants Dendy and Johnson, Rodenburg, & Lauinger, PLLP ("Johnson Firm")
— a North Dakota law firm — represented Discover Bank in *Ziolkowski I*.[1]  On

---

[1]Ziolkowski also identifies Bruce Johnson, Clifton Rodenburg, and Lisa
Lauinger as attorneys at the Johnson Firm, and she names them as Defendants in
their capacities both as individuals and as representatives of the Johnson Firm.
Dkt. 2 at 2 of 17.  But she does not advance any factual allegations in her

March 7, 2011, Dendy and the Johnson Firm engaged law enforcement officers to serve Discover Bank's complaint on Ziolkowski at her home.  Thus, in Count II of her Complaint she alleges this conduct was done with the intent to terrorize, intimidate, harass, and coerce her to pay the asserted debt.  She further alleges Dendy and the Johnson Firm harassed her through their pursuit of the civil action in *Ziolkowski I* in that they failed to provide her with any documents validating and justifying the legal action to collect the debt, all in violation of "1692 3(5)" and "1692 e(10)".

On March 28, 2011, Ziolkowski sent a letter to Dendy and the Johnson Firm.  The heading on the letter states:  "<u>Demand to Cease and Desist Collection Activities Prior to Validation of Purported Debt</u>".  Dkt. 2-1 at 2 of 7.  In that letter, Ziolkowski disputed the debt and denied that she was obligated to pay the debt.  She asserted Dendy and the Johnson Firm had made false or deceptive misrepresentations to her with respect to the civil action, and the status of the debt.  She demanded, pursuant to 15 U.S.C. § 1692g(a)(4), that Dendy and the Johnson Firm validate the asserted debt, and she asserted that any further debt collection activities committed by them would subject them to liability.  Finally, Ziolkowski demanded that Dendy and the Johnson Firm identify the "original 'principal' or

---

Complaint describing or identifying any specific conduct, act, or omission committed by any of these three Defendants.

3

'holder in due course' for whom you are attempting to collect this debt." Dkt. 2-1 at 3 of 7.  Ziolkowski alleges Dendy and the Johnson Firm did not validate the debt, yet they continued to "harass, oppress and abuse" her through their written correspondence directed to her relative to the litigation in *Ziolkowski I*, all in violation of 15 U.S.C. "1692(g)(a)(4)" and "1692(g)(b)".

Ziolkowski asserts two additional matters in Count II.  She alleges Defendants placed false and derogatory information on her credit report with respect to the disputed debt in violation of "1692(e)(8)".  Finally, she alleges Defendants violated "15 USC 1692i in that they have no legal standing to bring this action[,]" apparently referring to Discover Bank's complaint in *Ziolkowski I*. Dkt. 2 at 12 of 17.

In Count III of her Complaint, Ziolkowski advances claims against Discover Bank and the Johnson Firm.  She again alleges Discover Bank made false and derogatory entries upon her credit report in violation of "1681s-2(a)(1)".  She alleges both Discover Bank and the Johnson Firm:  (1) obtained her credit report without her prior consent in violation of "1681 (o)(5)(A)(I)", (2) acted without "authority to acquire a credit transaction" for a disputed debt in violation of "1681 604(a)(3)", (3) provided false information to obtain Ziolkowski's credit report in violation of "1681 604(c)(1)", and (4) failed to notify Ziolkowski of Defendants'

4

rights under "1681 609", or of their intent to obtain her credit report, all in violation of "1681 606(a)(1)-(2)".

In Count IV, Ziolkowski presents claims stemming from Defendants' alleged failure to provide her with information regarding the debt they asserted she owed. She alleges Dendy and the Johnson Firm failed to properly respond to her March 28, 2011 "cease and desist notice". Instead, they provided her a "Statement of Accounts", but they refused to "state who funded the debt or who is the holder in due course of the debt[.]" Dkt. 2 at 13 of 17. Ziolkowski alleges Discover Bank and the Johnson Firm repeatedly violated "1692e(2)(A), (5) and (10)" in the course of their conduct in pursuing *Ziolkowski I* since they had failed to identify the present "holder in due course[,]" and lacked legal authority to collect the asserted debt.

Ziolkowski filed her Complaint in this action on a form provided by this Court. Section V. of the form is titled "INJURY", and it prompts a plaintiff to "[d]escribe the injuries you suffered as a result of each individual defendant's actions." Dkt. 2 at 16 of 17. In response, Ziolkowski wrote "N/A". For her relief, she "request[s] an administrative review with an administrative determination." Dkt. 2 at 16 of 17.

## II.    APPLICABLE LAW

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A movant may satisfy this burden where the documentary evidence produced by the parties permits only one conclusion.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251 (1986).

A party moving for summary judgment who does not have the burden of persuasion at trial, must produce evidence which either:  (1) negates an essential element of the non-moving party's claim, or (2) shows that the non-moving party does not have enough evidence of an essential element to ultimately carry her burden at trial.  *Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Once the moving party has satisfied its burden, the non-moving party must go beyond the pleadings and designate by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986).  A party opposing summary judgment must identify evidence establishing that a dispute as to a particular material fact is genuine.  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The opponent "must

do more than simply show that there is some metaphysical doubt as to the material facts[,]" and "may not rest upon the mere allegations or denials of his pleading[.]" *Anderson*, 477 U.S. at 248.

Also, "[i]n considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), abrogated on other grounds as noted in *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

Finally, because Ziolkowski is proceeding pro se the Court must construe her documents liberally and give them "the benefit of any doubt" with respect to Defendants' summary judgment motion. *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999). *See also Erickson v. Pardus* 551 U.S. 89, 94 (2007).

## III.   DISCUSSION

The Court first notes that Ziolkowski has not filed a brief in opposition to Defendants' summary judgment motion, and the time for doing so has passed. Under Local Rule 7.1(d)(1)(B), a party's "failure to file a response brief may be deemed an admission that the motion is well-taken."

But the Ninth Circuit has made clear that a district court may not grant "summary judgment simply because a party fails to file an opposition or violates a

local rule," and the court must "analyze the record to determine whether any disputed material fact [is] present." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). *See also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (explaining that "a nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law").

Bearing these principles in mind, the Court turns now to the question of whether Defendants have met their summary judgment burden of showing there are no material issues of fact in the record, and that they are entitled to judgment as a matter of law on Ziolkowski's claims.[2]

### A.    Subject Matter Jurisdiction - *Rooker-Feldman*

Defendants construe Ziolkowski's pleading as a challenge to, or an appeal of, the final decision rendered by the state court in *Ziolkowski I*.  Therefore, Defendants argue that this Court lacks jurisdiction over Ziolkowski's claims based on the *Rooker-Feldman* doctrine.  The Court disagrees.

The *Rooker-Feldman* doctrine — derived from *Rooker v. Fidelity Trust Co.*,

---

[2]Although Ziolkowski did not file a response to Defendants' summary judgment motion, Defendants had previously filed a Fed. R. Civ. P. 12(c) motion to dismiss to which Ziolkowski did file a response brief.  Defendants' Fed. R. Civ. P. 56 motion for summary judgment presents the same arguments they presented in their Rule 12(c) motion.  Therefore, the Court will consider Ziolkowski's arguments asserted in her brief filed in response to the Rule 12(c) motion.

263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) — "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010).

The *Rooker-Feldman* doctrine, however, has limited application. It only bars a suit in which a plaintiff complains of an injury caused by a prior state court judgment, and invites the federal court to review and reject the judgment. *Carmona*, 603 F.3d at 1050 (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)). If a "plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from" that decision, then *Rooker-Feldman* dictates that the district court does not possess jurisdiction over the plaintiff's claims. *Carmona*, 603 F.3d at 1050 (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). But if the plaintiff complains only of a legal wrong committed by an adverse party, then *Rooker-Feldman* does not preclude the court from exercising jurisdiction. *Id*.

The Court finds that Ziolkowski's claims in this action are not barred by the *Rooker-Feldman* doctrine. Ziolkowski's allegations do not refer to the final judgment in *Ziolkowski I*, she does not allege that the prior final judgment subjected her to any independent injury or caused her any damages, and she does

9

not, in any way, challenge the merits of the final judgment. Although she suggests she does not owe the debt to Discover Bank, she does not allege the prior judgment is invalid, or that the prior judgment is the predicate basis for any claims she advances in this case. Instead, Ziolkowski's claims allege only that Defendants violated the Fair Debt Collection Practices Act and the Fair Credit Reporting Act through their conduct in collecting the debt owed to Discover Bank, including the litigation in *Ziolkowski I*. Ziolkowski confirms in her brief that she is not seeking to appeal the judgment in *Ziolkowski I*, and she is not requesting a review of that judgment. Dkt. 35 at 2 of 6. Rather, consistent with her claims in her Complaint, she asserts she seeks only "a determination from the court if the Defendants violated in any way the Fair Debt Collection Practices Act and the Fair Credit Reporting Act." *Id*. Therefore, the Court concludes Ziolkowski's Complaint does not invite this Court to reveiw and reject the prior judgment, and this action is not barred by the *Rooker-Feldman* doctrine.

## B.    **Preclusion - Res Judicata**

Defendants alternatively move for summary judgment dismissing Ziolkowski's claims as barred under the doctrine of res judicata based on the parties' prior litigation in *Ziolkowski I*. Therefore, the Court must review the

details of the legal proceedings in *Ziolkowski I*.[3]

In February, 2011, Defendant Discover Bank commenced its legal action in *Ziolkowski I* to collect the credit card debt Ziolkowski allegedly owed.  In Count 1 of its Complaint, Discover Bank alleged that it had issued a credit card account to Ziolkowski, that she made various purchases using the credit card, and that the amount due on the account was $7,399.30.  Dkt. 32-1 at 11 of 45.  In Count 2, Discover Bank asserted a cause of action against Ziolkowski for unjust enrichment.  *Id.*

Ziolkowski filed an answer to Discover Bank's Complaint, and she asserted various counterclaims.  Ziolkowski named Charles L. Dendy, and Johnson, Rodenburg & Lauinger, PLLP as additional defendants to her counterclaims.  Dkt. 32-1 at 23 of 45.  In paragraphs 1 through 6 of her counterclaims, Ziolkowski alleged "Defendant" or "Defendants" unlawfully raised her credit card interest

---

[3]In support of their summary judgment motion, Defendants have filed copies of certain pleadings filed in *Ziolkowski I*.  Under authority of Fed. R. Evid. 201, the Court may take judicial notice of "documents on file in the federal or state courts."  *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Ordinarily, however, summary judgment procedures require that parties must file certified copies of documents, and Defendants here have not provided any affidavit testimony authenticating and certifying that the documents from *Ziolkowski I* are true and correct copies.  Nonetheless, in his affidavit Dendy refers to the documents as copies of the documents in *Ziolkowski I*, and Ziolkowski does not dispute the authenticity of the documents Defendants have filed.  Therefore, the Court will consider the content of the documents Defendants have submitted.

rate, refused to lower her interest rate as agreed, and were liable for usury, all in violation of the Fair Debt Collection Practices Act at "15 U.S.C. [§] 1601, 1692 et seq."  In support of those specific counterclaims, Ziolkowski relied upon correspondence she received from Discover Bank relative to her credit card account and the debt she allegedly owed.  Dkt. 32-1 at 28-36 of 45.

The balance of Ziolkowski's allegations in her counterclaims — paragraphs 7 through 27 — identified actions taken by specific law enforcement officers on March 7 and 12, 2011, for the purpose of serving Discover Bank's complaint on Ziolkowski.  Dendy and the Johnson Firm had engaged the officers for the purpose of effecting service of process (dkt. 32-1 at 4 of 45, ¶ 10) and, therefore, she apparently alleged Dendy and the Johnson Firm were liable for the officers' conduct as acts of unfair debt collection practices.

Defendants filed a copy of the state court's final "Opinion & Order" dated January 17, 2012, and the state court's final "Summary Judgment" entered February 8, 2012, in favor of Discover Bank in *Ziolkowski I*.  The Opinion & Order reflects that Discover Bank, Dendy, and the Johnson Firm had previously moved to dismiss Ziolkowski's counterclaims, and that Discover Bank moved for summary judgment on its claims against Ziolkowski for recovery of the debt.  The Opinion & Order reflects that on May 19, 2011, "after full briefing," the state

12

district court granted the defendants' motion to dismiss Ziolkowski's counterclaims "for failure to state a claim[.]"  Dkt. 32-1 at 39 of 45.  The state court granted Discover Bank's summary judgment motion, and entered its final Summary Judgment against Ziolkowski, and in favor of Discover Bank in the amount of the credit card debt.  Dkt. 32-1 at 45 of 45.  Dendy states in his affidavit that Ziolkowski did not appeal the final judgment to the Montana Supreme Court. Dkt. 32-1 at 6 of 45, ¶ 18.

Based on the foregoing, Defendants argue that the February 8, 2012 judgment entered by the state court in *Ziolkowski I* operates to preclude Ziolkowski from prosecuting the claims advanced in this action under the doctrine of res judicata.  The Court agrees.

It is well-established that a federal court must give a state court judgment the same preclusive effect that the judgment would be given by the courts of the State in which the judgment was rendered.  *Allen v. McCurry*, 449 U.S. 90, 96 (1980); *Mack v. Kuckenmeister, CPA, MST*, 619 F.3d 1010, 1016 (9th Cir. 2010). This rule of interjurisdictional preclusion arises from the provisions of 28 U.S.C. § 1738 which state, in relevant part, as follows:

> [J]udicial proceedings [...] shall have the same full faith and credit in every court within the United States [...] as they have by law or usage in the courts of such State [...] from which they are taken.

28 U.S.C. § 1738.  *See Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003).  Thus, in considering the preclusive effect of a state court judgment, section 1738 requires federal courts to apply the law of res judicata as adopted by the State from which the subject judgment emerged.  *Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148 (9th Cir. 2010).

The doctrine of res judicata in Montana provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action."  *Brilz v. Metropolitan General Ins. Co.*, 285 P.3d 494, 499 (Mont. 2012).  "The doctrine is premised on the policy that there must be some end to litigation."  *Wiser v. Montana Board of Dentistry*, 251 P.3d 675, 676 (Mont. 2011).

Specifically, res judicata is applicable where the following circumstances exist:

> (1) the parties or their privies are the same in the first and second actions; (2) the subject matter of the actions is the same; (3) the issues are the same in both actions, or are ones that could have been raised in the first action, and they relate to the same subject matter; (4) the capacities of the parties are the same in reference to the subject matter and the issues between them; and (5) a valid final judgment has been entered on the merits in the first action by a court of competent jurisdiction.

*Brilz*, 285 P.3d at 501.  The Court concludes these elements are satisfied in this case.

1.    **Same Parties**

Certain parties to this case — Ziolkowski, Discover Bank, Dendy, and the Johnson Firm — were parties to the litigation in *Ziolkowski I*.  Therefore, the first element of res judicata is satisfied.  To the extent Ziolkowski names additional parties in this action that were not expressly named as parties in *Ziolkowski I* — such as Johnson, Rodenburg, Lauinger, and Doe Defendants — the addition of those new parties does not alter the preclusive effect of the judgment as to the other Defendants who were parties to the original action.  *See Beasley v. Flathead County*, 206 P.3d 915, 917-18 (Mont. 2009).

Furthermore, res judicata bars subsequent claims against both the previously named parties and their privies.  For purposes of res judicata, privies are those whose interests have been legally represented by a previous litigant, or "'those who are so connected in estate or in blood or in law as to be identified with the same interest and, consequently, affected with each other by litigation.'"  *Wamsley v. Nodak Mutual Ins. Co.*, 178 P.3d 102, 114 (Mont. 2008) (quoting *Holtman v. 4-G's Plumbing & Heating, Inc.*, 872 P.2d 318, 321 (Mont. 1994)).

For purposes of res judicata, and with respect to a legal claim for relief asserted by a third party, privity between two parties can be established based on the existence of an agency relationship between those two parties.  *General*

*Motors Acceptance Corp. v. Finch*, 805 P.2d 1331, 1334 (Mont. 1990). *See also*

*First Bank, (N.A.) Western Montana Montana, Missoula v. District Court for the*

*Fourth Judicial District*, 737 P.2d 1132, 1135 (Mont. 1987) (concluding that, for

purposes of res judicata, a bank and its officer or agent are privies with respect to a

debtor's claims for relief that were first asserted against the officer or agent in one

action, and subsequently asserted against the bank in another action).

Here, Ziolkowski sued Johnson, Rodenburg, and Lauinger as Defendants in

their capacities as attorneys serving as "representatives" of the Johnson Firm.

Their role as "representatives" of the Johnson Firm, either as partners or

employees, reflects an agency relationship and renders them in privity with the

Johnson Firm.  Under North Dakota law, a partner in any partnership is an agent of

the partnership.  N.D. Cent. Code § 45-15-01.1.  Similarly, an agency relationship

exists when the individual is an employee of the principal.  *Lagerquist v. Stergo*,

752 N.W.2d 168, 172 (N.D. 2008).  Thus, Johnson, Rodenburg, and Lauinger are

in privity with the Johnson Firm with respect to Ziolkowski's claims.

### 2.    <u>Same Subject Matter</u>

The subject matter of this action is the same as the subject matter of

*Ziolkowski I*.  Both actions stem from Defendants' conduct in either collecting the

debt against Ziolkowski, pursuing the debt collection litigation in *Ziolkowski I*,

accessing Ziolkowski's credit report, or providing information to be included in Ziolkowski's credit report.

### 3.      Same Issues Relating to the Same Subject Matter

Res judicata requires that the issues must be the same in both actions, and they must relate to the same subject matter.  This element of res judicata requires that the issues arise from the same transaction consisting of a "common nucleus of operative facts underlying" the two legal actions.  *Brilz*, 285 P.3d at 502.

Here, the common nucleus of facts in both *Ziolkowski I* and this action is the manner in which Defendants sought to collect a debt against Ziolkowski on her credit card account issued to her by Discover Bank.  This case arises from the identical transactions involved in *Ziolkowski I*.

Ziolkowski pled counterclaims under the Fair Debt Collection Practices Act in *Ziolkowski I*, and she again asserts those same Fair Debt Collection Practices Act claims in this action.  Clearly, those claims here are barred by res judicata.

Ziolkowski also pleads new legal claims against Defendants that were not asserted in *Ziolkowski I*.  Specifically, she asserts new claims under the Fair Credit Reporting Act.  Nevertheless, these new claims are barred by res judicata.

Because res judicata operates to bar claims that a party already had an "opportunity" to litigate, the doctrine "bars not only issues that were actually

litigated, but also those that *could have* been litigated in a prior proceeding."
*Wiser*, 251 P.3d at 679 (emphasis in original) (quoting *State ex rel. Harlem
Irrigation District v. Montana Seventeenth Judicial District Court*, 894 P.2d 943,
946 (Mont. 1995)).  Thus, for purposes of res judicata, finality is accorded to a
judgment entered "as to all issues which could have been properly raised
irrespective of whether the particular matter was in fact litigated."  *Hall v.
Heckerman*, 15 P.3d 869, 872 (Mont. 2000) (citation and quotation omitted).

Ziolkowski's new claims under the Fair Credit Reporting Act arise from the
same subject matter as that which was involved in *Ziolkowski I*.  The state and
federal courts have concurrent jurisdiction over claims under the Fair Credit
Reporting Act.  15 U.S.C. § 1681p; *Sehl v. Safari Motor Coaches, Inc.*, 2001 WL
940846, *7 (N.D. Cal. 2001).  Furthermore, Ziolkowski's Fair Credit Reporting
Act claims qualify as compulsory counterclaims under Mont. R. Civ. P. 13(a) that
she was required to assert in *Ziolkowski I*.[4]  Thus, they are claims which she could

---

[4]Mont. R. Civ. P. 13(a) provides as follows:

**(a) Compulsory Counterclaim.**
(1) In General. A pleading must state as a counterclaim any claim
that--at the time of its service--the pleader has against an opposing
party if the claim:
(A) arises out of the transaction or occurrence that is the
subject matter of the opposing party's claim; and
(B) does not require adding another party over whom the court
cannot acquire jurisdiction.

have litigated previously in *Ziolkowski I*, and are barred in this action by res judicata.

### 4.    Same Capacities of the Parties

The parties' capacities in this action are identical to the capacities of the parties in *Ziolkowski I*.  In both cases Ziolkowski sued Defendants in her individual capacity as a debtor on the same Discover Bank credit card account, and she sued Defendants in their capacities as either a creditor or debt collectors with respect to that account.

### 5.    Final Judgment on the Merits

Res judicata requires that there exist a final judgment on the merits of the matters litigated in the first action.  Under Montana law, the dismissal of a party's complaint for inadequate pleading, e.g. for failure to state a claim for relief, is sufficient to constitute a dismissal and "final judgment on the merits" "so long as leave to amend was available and either was not requested or was requested but properly rejected under the circumstances."  *Brilz*, 285 P.3d at 503-04.

Here, the record reflects that the state court dismissed Ziolkowski's counterclaims in *Ziolkowski I* "for failure to state a claim."  It is clear that Ziolkowski could have sought to amend her counterclaims, but she did not do so. *See Brilz*, 285 P.3d at 504 (recognizing a plaintiff's opportunities to amend under

liberal amendment standards).  Judgment was entered on February 8, 2012, in that case, and Ziolkowski did not appeal that judgment.  Therefore, the judgment is final (*In re Marriage of Schoenthal*, 106 P.3d 1162, 1165 (Mont. 2005)), and it is deemed a judgment on the merits of Ziolkowski's claims.  *Brilz*, 285 P.3d at 503-04.

In sum, because a final judgment on the merits was entered in *Ziolkowski I*, and the remaining elements of res judicata are satisfied in this case, the doctrine bars Ziolkowski's claims asserted in this case against Discover Bank, Dendy, the Johnnson Firm, and against Defendants Johnson, Rodenburg, and Lauinger in their "representative" capacities.  Defendants' motion for summary judgment is granted in this respect.

## C.    Bruce Johnson, Clifton Rodenburg, Lisa Lauinger - Individual Capacities

Although Ziolkowski's claims against Defendants Bruce Johnson, Clifton Rodenburg, and Lisa Lauinger in their representative capacities are barred based on privity, her claims against them in their individual capacities are not similarly barred.  Therefore, Johnson, Rodenburg, and Lauinger argue they are entitled to summary judgment on the ground that Ziolkowski has not advanced any allegations in her Complaint and, more importantly, has failed to present any evidentiary material identifying any act or omission personally committed by

either Johnson, Rodenburg or Lauinger.  Since Ziolkowski has not responded to

Defendants' motion, she has not filed any evidentiary materials raising a genuine

issue of material fact suggesting that Johnson, Rodenburg or Lauinger personally

engaged in any conduct that constitutes a violation of either the Fair Debt

Collection Practices Act, the Fair Credit Reporting Act, or any other theory of

liability.  Ziolkowski has thus failed to satisfy her burden to avoid summary

judgment in favor of these three Defendants in their individual capacities.

## IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Defendants'

summary judgment motion is GRANTED, and this action is DISMISSED.  The

Clerk of Court is directed to enter judgment accordingly.

Dated this 27th day of March, 2013.

Jeremiah C. Lynch
United States Magistrate Judge